An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN RANDALL OWENS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64846

FILED

OCT 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, fraudulent use of a credit or debit card, and theft. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

First, appellant Justin Owens contends that insufficient evidence supports his convictions. We disagree because the evidence, when viewed in the light most favorable to the State, is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

At trial, evidence was presented that an employee at Office Depot spent upwards of forty minutes assisting a female and male customer with a purchase. The male said that he was the nephew of an account holder, Caroline Johansen, and claimed to be an authorized user on her account. The employee testified that she made a photocopy of the male's driver's license and that the male appeared to be the same person depicted in the driver's license for Justin Owens. Before processing the purchase, the employee verified an account existed for Caroline Johansen and that Justin Owens was listed as an authorized user on the account.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34303

When a detective presented the employee with a photo line-up, she identified Owens as the male who made the purchase. Johansen testified that she did not open an account at Office Depot, know anyone by the name of Justin Owens, or give Justin Owens permission to be an authorized user on any of her credit accounts. We conclude that the jury could reasonably infer from the evidence presented that Owens committed burglary, theft, and the fraudulent use of a credit or debit card, *see* NRS 205.060(1); NRS 205.0832(1); NRS 205.760(1); and the jury's verdict will not be disturbed on appeal where, as here, is it supported by sufficient evidence, *see Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Next, Owens argues that the district court erred by denying his motion for a mistrial based on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), because the State failed to disclose a surveillance videotape from another store. We review a district court's resolution of a *Brady* claim de novo. *See Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000). "To prove a *Brady* violation, the accused must make three showings: (1) the evidence is favorable to the accused, either because it is exculpatory or impeaching; (2) the State withheld the evidence, either intentionally or inadvertently; and (3) prejudice ensued, i.e., the evidence was material." *State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) (internal quotation marks omitted), *cert denied*, ___ U.S. ___, 133 S. Ct. 988 (2013).

Owens claims that the videotape was exculpatory and material because it likely depicted a female using Johansen's information to obtain goods fraudulently at another store and because his sole defense was that someone else, maybe female, used his identification in order to obtain goods under Johansen's name. We agree that the videotape

evidence was favorable and withheld by the State, however we disagree that prejudice ensued. Because evidence was presented that Johansen's information had been used at various different stores under various names to obtain goods fraudulently, Owens fails to demonstrate that the evidence was material, i.e., that "there is a reasonable probability that the result would have been different if the evidence had been disclosed." *Mazzan*, 116 Nev. at 66, 993 P.2d at 36. Therefore, we conclude that the district court did not err by determining that the State did not violate *Brady* or abuse its discretion by denying Owens's motion for a mistrial. *See Rose v. State*, 123 Nev. 194, 206-07, 163 P.3d 408, 417 (2007) (we review a district court's denied of a motion for a mistrial for an abuse of discretion). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Douglas Smith, District Judge
Justice Law Center
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk